**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| CLAUDE BROWN                               )<br>23A Nelson Street                              )<br>Stamford, CT 06902                         )<br>                                                        )<br>*and*                                                 )<br>                                                        )<br>CLAUDETTE BROWN                       )<br>23A Nelson Street                              )<br>Stamford, CT 06902                         )<br>                                                        )<br>            Plaintiffs,                           )<br>                                                        )<br>v.                                                      )<br>                                                        )<br>                                                        )<br>PEACE TRUCKING, INC.                  )<br>164 Luella Crescent                            )<br>Brampton, ON L7A 3H8                    )<br>Canada                                             )<br>                                                        )<br>                                                        )<br>            Defendant.                          )<br>_____ )  | Civil Action No.: _____<br><br>Demand For Jury Trial |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiffs Claude Brown and Claudette Brown, by and through their attorneys, John J. Yannone, Arren T. Waldrep, Jeffrey M. Solof, and Price Benowitz LLP, and hereby files this Complaint against Defendant Peace Trucking, Inc., and in support thereof states as follows:

**PARTIES**

1. Plaintiff Claude Brown is an adult resident and domiciliary of the state of Connecticut, residing at 23A Nelson Street, Stamford, CT 06902.

2. Plaintiff Claudette Brown is an adult resident and domiciliary of the state of Connecticut, residing at 23A Nelson Street, Stamford, CT 06902.

3. Upon information and belief, Defendant Peace Trucking, Inc. ("Peace Trucking"), is an Ontario Business Corporation registered in Brampton, Ontario, and is an active carrier operating under USDOT Number 1356376 and MC Number 520326. Defendant Peace Trucking maintains its principal place of business at 209-1339 Khalsa Drive, Mississauga, ON L5S 1W6, Canada, and conducts business in Maryland. Upon information and belief, Defendant Peace Trucking owned, operated, maintained, and/or inspected, the truck driven by Kulwant S. Toor ("Toor"). At all times relevant hereto, Toor was operating the vehicle owned by Defendant Peace Trucking at the express order, permission, and direction of Defendant Peace Trucking, was carrying out his affairs for the benefit of Defendant Peace Trucking, and was acting within the course and scope of his employment with Defendant Peace Trucking.

## JURISDICTION AND VENUE

4. This action arises out of an automobile collision that took place on August 9, 2018, on Maryland Veterans Memorial Highway (Interstate 81), at or near its intersection with National Pike (US 40) in Washington County, Maryland.

5. This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

6. Defendant Peace Trucking, Inc. is subject to the jurisdiction of this Court and venue is proper in the Northern Division pursuant to 28 U.S.C. § 1391(b)(2).

7. Plaintiff hereby demands a jury trial on the allegations below.

**STATEMENT OF FACTS**

8. On or about August 9, 2018, Plaintiff Claude Brown was operating his 2018 Honda Accord, and traveling northbound on Maryland Veterans Memorial Highway (Interstate 81), at or near its intersection with National Pike (US 40), in Washington County, Maryland, lawfully proceeding consistent with his right of way. Plaintiff Claudette Brown was a passenger in said vehicle.

9. At approximately 5:19 p.m. on the aforementioned date, Kulwant S. Toor ("Toor") was operating a 2007 Freightliner Truck, owned by Defendant Peace Trucking, and traveling northbound on Maryland Veterans Memorial Highway (Interstate 81), at or near its intersection with National Pike (US 40), directly behind Plaintiffs' vehicle.

10. Suddenly, and without warning, Toor failed to pay full time and attention, failed to yield the right of way, failed to slow down, failed to obey a traffic control device, failed to see what was there to be seen, failed to control the speed of his vehicle to avoid a collision, failed to properly bring his vehicle to a stop to avoid a collision, and violently struck the rear of Plaintiffs' vehicle, causing significant injury to their persons.

11. At all times relevant hereto, Toor operated the truck owned by Defendant Peace Trucking in a dangerous and unsafe manner, failed to obey a traffic control device, failed to control the speed of his truck to avoid a collision, failed to properly and timely bring his truck to a stop to avoid a collision, failed to yield the right of way, was driving a truck in a careless and imprudent manner endangering property, life, and person, and suddenly and without warning, caused a collision with Plaintiffs' vehicle.

12. At all times relevant hereto, Toor was the actual and/or apparent agent of Defendant Peace Trucking, and was acting on behalf of, and for the benefit of, Defendant Peace Trucking, and at Defendant Peace Trucking's order and direction in the course and scope of his employment.

13. As a result of impact from the collision, Plaintiffs were thrown about the interior of their vehicle, causing them immediate, severe, permanent, and significant injuries.

14. Plaintiffs did not cause or contribute to the subject collision.

### COUNT I: Negligence
**(Claude Brown v. Peace Trucking, Inc.)**

15. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

16. At all times relevant hereto, Defendant Peace Trucking, and its agents, servants, and employees, including Toor, had a duty to act reasonably and to use due care while operating their truck.

17. In particular, Defendant Peace Trucking, and its agents, servants, and employees, including Toor, had a duty to, *inter alia*, pay full time and attention, maintain proper and adequate control of their truck, stop in time to avoid a collision, obey the instructions of all traffic control devices, and obey the laws and rules of the State of Maryland.

18. Defendant Peace Trucking, and its agents, servants, and employees, including Toor, breached that duty of care, and the above-mentioned collision was caused by the recklessness, carelessness, and/or negligence of Defendant Peace Trucking, and its agents, servants, and employees, including Toor, in that Defendant, among other acts and omissions:

    a. Failed to stop in time in order to avoid a collision;

    b. Failed to yield the right of way;

    c. Failed to obey a traffic control device;

    d.  Failed to exercise reasonable due care and precaution in the operation of his truck under the circumstances then and there existing;

    e.  Failed to stay in his lane of travel;

    f.  Failed to see what there was to be seen;

    g.  Failed to reduce the speed of the truck he was operating in time to avoid a collision with Plaintiff's vehicle;

    h.  Failed to use due care and precaution and to maintain adequate control of the truck;

    i.  Failed to obey the laws and statutes of the State of Maryland; and

    j.  Was otherwise negligent, in other respects not now known to Plaintiff but which may become known prior to and/or at the time of trial.

19. A reasonably prudent person in Toor's position would not have struck Plaintiffs' vehicle.

20. As a direct and proximate result of Defendant Peace Trucking's, and its agents', servants', and employees', including Toor's, negligent conduct in the operation of his truck, Plaintiff Claude Brown sustained severe, significant, and permanent injuries.

21. As a direct and proximate result of the negligence and carelessness of Defendant Peace Trucking, and its agents, servants, and employees, including Toor, Plaintiff Claude Brown has suffered, and will continue to suffer severe and permanent physical injuries; great physical pain; severe, substantial and permanent emotional distress and mental anguish; and a diminished capacity for the enjoyment of life.

22. As a direct and proximate result of the negligence and carelessness of Defendant Peace Trucking, and its agents, servants, and employees, including Toor, Plaintiff Claude Brown has undergone and will continue to undergo substantial medical treatment, and has incurred and will continue to incur: substantial medical costs and related expenses to alleviate his injuries, pain and suffering; lost earnings; lost employment opportunities; loss of time and enjoyment from his customary leisure, and recreational activities; an impairment of his customary normal activities of daily living, employment, leisure, and recreational activities; and otherwise was hurt, injured and caused to sustain losses.

23. At all times relevant hereto, Defendant Peace Trucking was the owner of the truck operated by Toor.

24. Defendant Peace Trucking gave express permission and direction to Toor to operate, use, and control the truck described above on August 9, 2018.

25. Upon information and belief, at all times relevant hereto, including August 9, 2018, Toor was acting as the agent, and/or servant of Defendant Peace Trucking, and Toor was operating the motor vehicle pursuant to Defendant Peace Trucking's order and/or direction, and Toor was carrying out his affairs for the benefit of Defendant Peace Trucking.

26. As the principal for Toor, Defendant Peace Trucking is responsible for all of the acts and/or omissions committed by Toor, who was Defendant Peace Trucking's actual and/or apparent agent, servant, employee, and/or independent contractor acting within the course and scope of his actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

27. Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Toor and were incurred without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Claude Brown demands a jury trial, judgment from and against Defendant Peace Trucking, Inc for a sum in Excess of Seventy- Five Thousand Dollars ($75,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### Count II: Negligent Entrustment
### (Claude Brown v. Peace Trucking, Inc.)

28. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

29. At all times relevant hereto, Defendant Peace Trucking was the owner of the truck operated by Toor.

30. Defendant Peace Trucking knew or should have known that Toor's operation of the truck involved the risk of physical harm to others.

31. Defendant Peace Trucking gave express permission to Toor to operate, use, and control the truck described above on August 9, 2018.

32. Upon Information and belief, at all times relevant hereto, including August 9, 2018, Toor was acting as the agent of Defendant Peace Trucking, was operating the truck pursuant to Defendant Peace Trucking's order, direction, and with express or constructive permission, was carrying out the affairs for the benefit of Defendant Peace Trucking.

33. Defendant Peace Trucking knew, or should have known, that Toor had a record of dangerous, reckless, and incompetent driving based on his prior driving record. Defendant Peace Trucking knew, or should have known, that Toor's use of the truck involved the risk of physical harm to others, and that the operation of the vehicle required a degree of skill, caution, and care which Defendant Toor did not possess.

34. Plaintiff Claude Brown, as a member of the public on the public highways, was a member of the foreseeable class of persons who was at risk of suffering physical harm from Toor's negligent operation of Defendant Peace Trucking's truck.

35. Defendant Peace Trucking knew, or should have known, that Toor was likely, and had a propensity, to operate the truck in a negligent and unsafe manner which was likely to cause physical harm to others as a result of his prior driving record. Accordingly, Defendant Peace Trucking was negligent in entrusting their truck to Toor.

36. As a direct and a proximate result of the negligence of Defendant Peace Trucking, Plaintiff Claude Brown has suffered and will continue to suffer severe, debilitating physical injuries, and severe substantial emotional distress and mental anguish, and a diminished capacity for the enjoyment of life.

37. As a further result of the negligence and carelessness of Defendant Peace Trucking, Plaintiff Claude Brown has incurred, and will continue to incur, substantial medical and related expenses to alleviate his injuries, pain and suffering, lost wages, lost employment opportunity, loss of time and enjoyment from his customary leisure and recreational activities, and impairment of his customary leisure and recreational activities.

38. All of Plaintiff Claude Brown's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Peace Trucking and were incurred without

contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the accident.

WHEREFORE, Plaintiff Claude Brown demands a jury trial, judgment from and against Defendant Peace Trucking, Inc., for a sum in Excess of Seventy- Five Thousand Dollars ($75,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT III: Negligence
**(Claudette Brown v. Peace Trucking, Inc.)**

39. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

40. At all times relevant hereto, Defendant Peace Trucking, and its agents, servants, and employees, including Toor, had a duty to act reasonably and to use due care while operating their truck.

41. In particular, Defendant Peace Trucking, and its agents, servants, and employees, including Toor, had a duty to, *inter alia*, pay full time and attention, maintain proper and adequate control of their truck, stop in time to avoid a collision, obey the instructions of all traffic control devices, and obey the laws and rules of the State of Maryland.

42. Defendant Peace Trucking, and its agents, servants, and employees, including Toor, breached that duty of care, and the above-mentioned collision was caused by the recklessness, carelessness, and/or negligence of Defendant Peace Trucking, and its agents, servants, and employees, including Toor, in that Defendant, among other acts and omissions:

    a. Failed to stop in time in order to avoid a collision;

    b. Failed to yield the right of way;

    c. Failed to obey a traffic control device;

    d. Failed to exercise reasonable due care and precaution in the operation of his truck under the circumstances then and there existing;

    e. Failed to stay in his lane of travel;

    f. Failed to see what there was to be seen;

    g. Failed to reduce the speed of the truck he was operating in time to avoid a collision with Plaintiff's vehicle;

    h. Failed to use due care and precaution and to maintain adequate control of the truck;

    i. Failed to obey the laws and statutes of the State of Maryland; and

    j. Was otherwise negligent, in other respects not now known to Plaintiff but which may become known prior to and/or at the time of trial.

43. A reasonably prudent person in Toor's position would not have struck Plaintiffs' vehicle.

44. As a direct and proximate result of Defendant Peace Trucking's, and its agents', servants', and employees', including Toor's, negligent conduct in the operation of his truck, Plaintiff Claudette Brown sustained severe, significant, and permanent injuries.

45. As a direct and proximate result of the negligence and carelessness of Defendant Peace Trucking, and its agents, servants, and employees, including Toor, Plaintiff Claudette Brown has suffered, and will continue to suffer severe and permanent physical injuries;

great physical pain; severe, substantial and permanent emotional distress and mental anguish; and a diminished capacity for the enjoyment of life.

46. As a direct and proximate result of the negligence and carelessness of Defendant Peace Trucking, and its agents, servants, and employees, including Toor, Plaintiff Claudette Brown has undergone and will continue to undergo substantial medical treatment, and has incurred and will continue to incur: substantial medical costs and related expenses to alleviate her injuries, pain and suffering; lost earnings; lost employment opportunities; loss of time and enjoyment from his customary leisure, and recreational activities; an impairment of her customary normal activities of daily living, employment, leisure, and recreational activities; and otherwise was hurt, injured and caused to sustain losses.

47. At all times relevant hereto, Defendant Peace Trucking was the owner of the truck operated by Toor.

48. Defendant Peace Trucking gave express permission and direction to Toor to operate, use, and control the truck described above on August 9, 2018.

49. Upon information and belief, at all times relevant hereto, including August 9, 2018, Toor was acting as the agent, and/or servant of Defendant Peace Trucking, and Toor was operating the motor vehicle pursuant to Defendant Peace Trucking's order and/or direction, and Toor was carrying out his affairs for the benefit of Defendant Peace Trucking.

50. As the principal for Toor, Defendant Peace Trucking is responsible for all of the acts and/or omissions committed by Toor, who was Defendant Peace Trucking's actual and/or apparent agent, servant, employee, and/or independent contractor acting within the course and scope of his actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

51.     Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Toor and were incurred without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Claudette Brown demands a jury trial, judgment from and against Defendant Peace Trucking, Inc for a sum in Excess of Seventy- Five Thousand Dollars ($75,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### Count IV: Negligent Entrustment
**(Claudette Brown v. Peace Trucking, Inc.)**

52.     Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

53.     At all times relevant hereto, Defendant Peace Trucking was the owner of the truck operated by Toor.

54.     Defendant Peace Trucking knew or should have known that Toor's operation of the truck involved the risk of physical harm to others.

55.     Defendant Peace Trucking gave express permission to Toor to operate, use, and control the truck described above on August 9, 2018.

56.     Upon Information and belief, at all times relevant hereto, including August 9, 2018, Toor was acting as the agent of Defendant Peace Trucking, was operating the truck pursuant to Defendant Peace Trucking's order, direction, and with express or constructive permission, was carrying out the affairs for the benefit of Defendant Peace Trucking.

57. Defendant Peace Trucking knew, or should have known, that Toor had a record of dangerous, reckless, and incompetent driving based on his prior driving record. Defendant Peace Trucking knew, or should have known, that Toor's use of the truck involved the risk of physical harm to others, and that the operation of the vehicle required a degree of skill, caution, and care which Defendant Toor did not possess.

58. Plaintiff Claudette Brown, as a member of the public on the public highways, was a member of the foreseeable class of persons who was at risk of suffering physical harm from Toor's negligent operation of Defendant Peace Trucking's truck.

59. Defendant Peace Trucking knew, or should have known, that Toor was likely, and had a propensity, to operate the truck in a negligent and unsafe manner which was likely to cause physical harm to others as a result of his prior driving record. Accordingly, Defendant Peace Trucking was negligent in entrusting their truck to Toor.

60. As a direct and a proximate result of the negligence of Defendant Peace Trucking, Plaintiff Claudette Brown has suffered and will continue to suffer severe, debilitating physical injuries, and severe substantial emotional distress and mental anguish, and a diminished capacity for the enjoyment of life.

61. As a further result of the negligence and carelessness of Defendant Peace Trucking, Plaintiff Claudette Brown has incurred, and will continue to incur, substantial medical and related expenses to alleviate her injuries, pain and suffering, lost wages, lost employment opportunity, loss of time and enjoyment from her customary leisure and recreational activities, and impairment of his customary leisure and recreational activities.

62. All of Plaintiff Claudette Brown's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Peace Trucking and were

incurred without contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the accident.

WHEREFORE, Plaintiff Claudette Brown demands a jury trial, judgment from and against Defendant Peace Trucking, Inc., for a sum in Excess of Seventy- Five Thousand Dollars ($75,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: */s/ John J. Yannone*
John J. Yannone, Esq. (Bar No. #04396)
Arren T. Waldrep, Esq. (Bar No. #14924)
Jeffrey M. Solof, Esq. (Bar No. #20185)
409 7th Street, NW, Suite 200
Washington, D.C. 20004
Arren@pricebenowitzlaw.com
jsolof@pricebenowitzlaw.com
Tel: (202) 417-6000
Fax: (301) 244-6659
*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

*/s/ John J. Yannone*
John J. Yannone, Esq.